DOERING, Plaintiff-Appellant, v. SOUTH EUCLID (City), Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25231.   Decided September 28, 1960.

*Mrs. Grace B. Doering* and *Mr. Martin Rini*, for plaintiff-appellant.

*Mr. Clifford H. Bernard*, law director, for defendant-appellee.

No. 25231.   Decided November 3, 1960.

*Mrs. Grace B. Doering, Messrs. Doering & Doering, Mr. Martin A. Rini* and *Messrs. Schweid, Rini, Torbet & Foote,* for plaintiff-appellant.

*Mr. Clifford H. Bernard,* law director, for defendant-appellee.

See, also, OA 84 Ohio Law Abs., 245. For further history see *Omnibus Index* in bound volume.

SKEEL, J. This cause came on for rehearing after this court granted plaintiff's motion for a new trial. The original entry was journalized on the eighteenth day of July, 1960, wherein the court entered a decree for the defendant. The action is one seeking to enjoin the defendant from appropriating that part of the property of plaintiff with that of the other owners of the property facing Langerdale Boulevard between its intersection with the north end of Laurel Hill Drive and the like intersection at the south end of Laurel Hill Drive (a distance of about eleven hundred feet) in the City of South Euclid. That part of Langerdale Boulevard between the points of said intersections just described runs along the bottom of a deep ravine. Langerdale Boulevard to the north of its intersection with Laurel Hill Drive is fully paved and the abutting lots completely developed with residences. This is likewise true to the south of the intersection of Langerdale Boulevard with the southerly end of Laurel Hill Drive. The intervening eleven hundred feet of Langerdale Boulevard was dedicated as a public highway in 1926 (as is true of the rest of Langerdale Boulevard from Cedar Road to Belvoir Boulevard), and there has been installed within its boundaries an eight inch water main, a ten inch sanitary sewer, and a thirty-six inch storm sewer. The street has not otherwise been improved and was at the time of the hearing in the trial court grown up with underbrush and had the appearance of never having been used as a highway.

The purpose for which the property is being "appropriated for public use" is to build a flood water control retention basin. It is proposed that a dam be constructed across Langerdale Boulevard just south of its intersection with the north end of

Laurel Hill Drive, which dam will be from twenty-five to thirty feet high and thirty feet wide at the top at the point where it passes over Langerdale Boulevard, the easterly end of the dam being constructed on plaintiff's property. Any possible use of that part of Langerdale Boulevard within the area described for highway purposes would be completely destroyed by this improvement. The details of the proposal are set out in the opinion filed by this court with the decree entered for the defendant on July 18, 1960, which decree was vacated by granting a new trial on September 28, 1960. That part of the opinion describing the project in detail is here adopted as if again fully set out. We again come to the same conclusion as stated in our journal entry filed at the conclusion of the first trial as to the right of the legislative branch of the government of the City of South Euclid, in the exercise of its sound discretion, to construct a retention basin as a part of the drainage system of the city to protect the health and safety of the people. The exercise of such right must include the power to appropriate the land necessary to carry out the project.

We are concerned in the retrial of this case, which was granted for the purpose of determining the right of the city to completely obstruct a dedicated public highway in constructing a retention basin without first seeking to and causing the vacation of that portion of the street or highway which it proposes to obstruct in building the retention basin. This question was not sufficiently explored on the occasion of the first trial in this court.

The fact should be stressed that the land to be taken in the appropriation proceeding does not include the property in the sixty foot right of way of Langerdale Boulevard situated within the area of the proposed retention basin. It should also be stressed that the proposed retention basin will occupy and completely block any possible use of this part of the dedicated roadway of Langerdale Boulevard for street purposes within the site of the basin. The law seems well established that a city is without power to completely block a public highway in such a way as to destroy its use for highway purposes. In McQuillin on Municipal Corporations, Third Edition, Para. 24,576, Vol. 7, page 583, it is said:

"A city has no power to obstruct its streets except with respect to its use thereof for lawful purposes. It cannot maintain a street obstruction that prevents property owners from free access to and from their property. In other words, a street obstruction is no less a nuisance because it is done or caused by a municipal corporation or is maintained with municipal consent or permission."

The fact that part of the highway to be used in building the retention basin has been permitted to stand without being sufficiently improved to allow vehicular traffic to pass through for more than thirty years does not destroy its character as a highway. It has been continuously used (since 1926) for sewer and water services to the surrounding territory as above described. The doctrine of prescription does not (except as limited by statute) apply against the state, particularly as to property dedicated to highway purposes. The only statute applicable to such a situation, that is the taking of property dedicated to street or highway purposes by prescription, is Section 2305.05, Revised Code, which has no application here.

The only argument presented, defending against the plaintiff's claim that a portion of a street or highway is being completely blocked by its use for another public purpose without first vacating its dedication as a street, is that the plaintiff cannot seek the relief prayed for in a representative action as a taxpayer. There is no controversy but that the plaintiff is an abutting owner whose right of ingress and egress from her land to Langerdale Boulevard will be completely blocked by this project. It is also true that the action to appropriate her land, unless the street is legally vacated for street purposes, will prevent her from asserting her full damage, that is for the land that would revert to her should that part of Langerdale Boulevard in front of her property be vacated as a public highway, or for damages as provided by Section 723.11, Revised Code, in a proceeding to vacate a part of a public highway.

In support of the city's contention, it has cited the case of *Babin* v. *Ashland*, 160 Ohio St., 328, 116 N. E. (2d), 580. This case is not in point. It deals with the question of the power to sell and convey land dedicated as "public ground" when it is no longer needed for public purposes. The defendant quotes from page 341 as follows:

"Thus, a vacation of a street is equivalent to a transfer of land specifically dedicated for the street to the parties whose properties are adjacent to such land. *Traction Co.* v. *Parish, supra,* 191. If the general public, though damaged by such street vacation, has no legally enforcible rights, how can it be said that a municipal corporation must continue to use for streets such land dedicated for street use? Under *Stevens* v. *Shannon, supra,* the dedicator and those claiming under him have no enforcible remedy. Under *New York, Chicago & St. Louis Rd. Co.* v. *Bucsi, supra,* the public has no enforcible remedy; and only those who no longer have any reasonable access to their property can complain. In other words, only private rights to pass over the vacated portion of a street, as the only reasonable means of access to property, are protected."

From this statement of the law, it is evident that the rights of the parties here defined are those of a party to an action to vacate a public highway under Section 723.06, et seq., Revised Code. If this action were one to vacate that part of Langerdale Boulevard here in question, there could be no doubt of the correctness of defendant's claim that the plaintiff as a taxpayer could assert no justiciable right in this action. But that is not the case here presented. The defendant city boldly asserts the right to completely block the use of a public highway.

Section 723.01, Revised Code, provides:

"Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The fact that the city has failed to carry out its obligation to improve this part of the boulevard for vehicular traffic for many years cannot redound to its benefit in seeking to use the street property as a retention basin. The street has been used to provide necessary public services. The question here presented is one of general public interest, that is, the performance (by the city) of a duty imposed upon it by law, which is a subject that may be asserted in equity by a taxpayer.

Section 733.58, Revised Code, provides:

"In case an officer or board of a city fails to perform any duty expressly enjoined by law or ordinance, the city solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

Section 733.59, Revised Code, provides:

"If the city solicitor fails, upon the written request of any taxpayer of such city, to make any application provided for in Sections 733.56 to 733.58, inclusive, Revised Code, such taxpayer may institute suit in his own name, on behalf of the city. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

It follows from the undisputed facts that until that part of Langerdale Boulevard, which the city proposes to use as a part of the site for the construction of a drain water retention basin has been vacated as a public highway in a proper proceeding as provided by law, the proposal of the city to completely block a part of Langerdale Boulevard would be in direct violation of Section 723.01, Revised Code. The plaintiff, as a taxpayer, has a clear right to enjoin a proceeding which can only be consummated by the performance of an act in violation of a duty imposed upon the city by law. The prayer of the plaintiff's petition is, therefore, granted to be effective until such time as a proper proceeding to vacate that part of Langerdale Boulevard necessary for the construction of the proposed retention basin has been successfully concluded. Exceptions noted.

HURD, P. J., and KOVACHY, J., concur.